958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frankie Lee GERMANY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Frankie Lee GERMANY, Defendant-Appellee.
 Nos. 89-50306, 89-50356.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1992.
Decided March 18, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frankie Lee Germany appeals from his conviction and sentence under 18 U.S.C. § 922(g)(1) for being a felon in possession of a weapon. Germany argues that the district court erred in denying his motion to suppress as the police officers' search of his vehicle was an invalid inventory search. Germany also claims that the district court erred in sentencing him by departing upwards on the basis that Germany's criminal history was underrepresented. The government appeals the sentence, arguing that the district court erred in not sentencing Germany under the Armed Career Criminals Act. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part, reverse in part, and remand for resentencing.
 
 DISCUSSION
 
 3
 I. DISTRICT COURT PROPERLY DENIED SUPPRESSION MOTION
 
 
 4
 The issue of the lawfulness of a search is a mixed question of law and fact and is therefore reviewed de novo. U.S. v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). The district court's factual findings in support of its ruling on the legality of a search are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.) (en banc ), cert. denied, 469 U.S. 824 (1984).
 
 
 5
 A. The L.A.P.D. Had Probable Cause to Arrest Germany
 
 
 6
 The officers believed that they had probable cause to believe that Germany had violated section 415 of the California Penal Code. "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1296 (9th Cir.1988).
 
 
 7
 Here, the officers actually witnessed and were the "victims" of Germany's violation of section 415. Germany repeatedly addressed the officers using extremely offensive expletives. Germany addressed the officers in a public place and his language was so offensive that a reasonable person would likely have been provoked into an immediate violent reaction. Thus, Germany's conduct violated section 415. Because the officers actually witnessed the conduct they had probable cause to believe that Germany had just committed a crime and so were justified in arresting him. The district court did not err in so finding.
 
 
 8
 Furthermore, the district court could also have found that the officers had probable cause because they witnessed Germany's violation of section 2800 of the California Vehicle Code. The officer ordered Germany to move his car so that it would not continue to block traffic. Although Germany did move the car, he did not move it enough to clear traffic. The officer then ordered Germany to pull over so that he could give Germany a traffic citation. Instead of complying with the officer's lawful order, Germany drove off. Germany's direct disobedience of the officer's lawful order was a violation of section 2800 and thus could also have justified Germany's arrest.
 
 
 9
 B. The Search of the Car Was Pursuant to a Valid Inventory
 
 
 10
 Germany claims that the district court erred in not suppressing the handgun found in the trunk as it was discovered during an illegal inventory search. Germany complains that the fact that the officers had discretion to decide whether to impound the car invalidates the search under Colorado v. Bertine, 479 U.S. 367 (1987). Germany misreads Bertine.
 
 
 11
 Bertine established the requirement that any inventory search must be conducted pursuant to "standardized police procedures." Id. at 376 (Blackmun, J. concurring). The rationale for the requirement is that the individual officers are not to be vested with any discretion to determine the scope of the search. Id. Bertine did not hold, as Germany contends, that it is impermissible for the officers to have discretion as to the initial determination of whether to impound the car. In Bertine, the police officer had total discretion under Colorado law to decide whether to impound the van. The Court held that the exercise of such discretion was permissible, provided that the officer was not acting in bad faith or solely for the purpose of investigation.
 
 
 12
 Here, like in Bertine, the officers had discretion under California law as to whether to impound the vehicle when they arrested Germany. They exercised that discretion and impounded the vehicle for three reasons. First, because Germany repeatedly refused to produce registration for the car, the officers were unable to confirm that he was validly in possession of it. Second, Germany was the lone occupant of the car so there was no one else at the scene who could have taken responsibility for the car. Finally, the car was illegally double parked and there were no other legal parking spaces available in the immediate area. Because the officers could not just leave the car illegally parked, it was reasonable for them to have impounded the car. There is no evidence that the car was impounded in bad faith or solely for the purpose of investigation.
 
 
 13
 Germany claims that the fact that he was known to the officers as a previous drug offender and the fact he was told the car would be impounded unless he produced proof of registration demonstrates that the officers acted in bad faith in impounding the car. Such a claim is baseless. The officers articulated not one, but three independent and valid reasons for impounding the car, none of which had any relation to Germany's status as a previous offender. In addition, Germany's claim that the officers impounded the car in response to his refusal to turn over the registration only serves to support that the officers impounded the car for valid reasons. The officers did not know whether the car was stolen. They needed to verify that Germany was rightfully in possession of the car before they let the car out of their custody (i.e. by leaving the car parked on the street while they took Germany to the station). Germany's refusal to cooperate in that verification gave the officers an independent justification to impound the car. Thus, the initial decision to impound and search the vehicle was legal.
 
 
 14
 The only remaining question is whether the search was conducted pursuant to standardized police procedures. Here, the police were very careful to follow the L.A.P.D. guidelines for inventory searches. The handgun was found incident to a check of the vehicle to confirm that it had a spare tire and a jack. Such a check is mandated by L.A.P.D. regulations. Germany has made no allegations that the scope of the search exceeds that required by the regulations. Therefore, the inventory search of the car was legal, and the district court did not err in denying the motion to suppress.
 
 
 15
 II. GERMANY SHOULD HAVE BEEN SENTENCED AS A CAREER CRIMINAL
 
 
 16
 Questions involving the interpretation or application of criminal statutes are questions of law and are therefore reviewed de novo. United States v. Henderson, 746 F.2d 619, 622 (9th Cir.1984), aff'd, 476 U.S. 321 (1986).
 
 
 17
 The government contends that the district court should have sentenced Germany under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Section 924(e) provides for an enhanced sentence for violators of section 922(g)(1) who have been convicted of three prior "violent felonies". Under section 924(e), violent felony includes "burglary," a term that is not defined in the statute.
 
 
 18
 At sentencing, the government relied on Germany's three prior convictions for burglary to support its claim that he should be sentenced under section 924(e). The district court, relying on this court's decision in United States v. Chatman, 869 F.2d 525, 527 (9th Cir.1989), declined to sentence Germany under section 924(e). In Chatman, this court ruled that the term burglary as used in section 924(e) means common law burglary, the trespassory breaking and entering of a dwelling house of another at night with intent to commit a felony. The district court found that two of Germany's three burglary convictions involved commercial buildings and thus were not burglaries for the purpose of section 924(e).
 
 
 19
 After Germany was sentenced, the Supreme Court addressed the issue of the definition of burglary under section 924(e). The Supreme Court held that the generic definition rather than the common law definition was the proper definition of burglary under section 924(e). Taylor v. United States, 495 U.S. 575, 590 (1990). However, the Court noted that there is a problem applying its conclusion in situations where the state statute defines burglary more broadly than the generic definition. Such is the case here. The California statute defining burglary is broader than the common law definition because it encompasses breaking and entering into vehicles and shoplifting as well as generic burglary. In situations such as these, the Court held that the sentencing court could "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find the elements of generic burglary." Id. at 599. The Court stated that if the indictment and jury instructions actually required the jury to find all the elements of generic burglary, then the convictions could be used for enhancement under section 924(e).
 
 
 20
 In this case, Germany pled guilty to all three burglary indictments. In doing so, he admitted the truth of the government's charges. Germany argues that the indictments "generally trace the California burglary statute," and thus, in the absence of jury instructions, there is no way to determine if the indictments describe generic burglary or "shoplifting", legally entering a building while it is open to the public and thereafter committing a larceny. Germany is mistaken. He admits that the indictments diverge from the California burglary statute in that they allege Germany entered the buildings unlawfully. Such an allegation on its face clearly shows that the indictments were for generic burglary not shoplifting. The elements of generic burglary were alleged in each of the indictments--that Germany unlawfully entered the premises with the intent to commit the felony of larceny. Consequently, those convictions can be used to qualify Germany for sentencing under section 924(e). See United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1991) (as amended) (lack of jury instructions does not bar a finding that prior conviction was for a generic burglary, where the indictment alleges all the elements of generic burglary and the defendant pled guilty to the offense). Because the district court did not sentence Germany under section 924(e), this case must be remanded for resentencing. As a result, this court need not address the issue raised by Germany of whether the district court erred in departing upwards based on its determination that his criminal history was underrepresented.
 
 
 21
 The decision of the district court is hereby AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3